**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JOE E. COMANS                                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION NO.3:06cv505HTW-LRA

SCOTT COUNTY SCHOOL DISTRICT and
FRANK McCURDY, individually and in his
official capacity as Superintendent                                              DEFENDANTS

## ORDER OF DISMISSAL

Before the court is the defendant, Superintendent of Scott County School District Frank McCurdy's motion to dismiss this complaint in both his individual and official capacity, pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] [docket # 10]. Plaintiff Joe E. Comans has responded to the defendant's motion, and the court, having considered the memorandum of authorities and arguments of both parties, concludes that the defendant's motion should be granted.

To avoid dismissal for a failure to state a claim, plaintiff must allege a "plausible entitlement to relief," by setting forth "any facts consistent with the allegations." *Bell Atl. Corp. V. Twombly*, 127 S.Ct. 1955, 1967, 1969 (2007). After careful consideration, the court rules as follows:

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a lawsuit is proper when plaintiff has failed to state a claim upon which relief can be granted."

1. Defendant McCurdy cannot be held liable in his individual capacity under Title VII of the Civil Rights Act of 1964[2], because Mr. McCurdy is not an "employer" under the applicable law.  See *Grant v. Lone Star Co.* 21 F.3d 649, 652 (5th Cir. 1994).

2. Defendant McCurdy cannot be held liable in his individual capacity under Title 42 U.S.C. § 1983[3] because "one who cannot present evidence to satisfy the substantive proof requirements under Title VII cannot proceed under section 1983 for a violation of Title VII." *Davis v. State Dept. Of Health*, 744 F.Supp.756, 762 (S.D. Miss.1990).[4]

3. Defendant McCurdy cannot be liable for breach of contract because he was not a signatory to the contract.

4. Defendant McCurdy cannot be held liable for wrongful discharge in his individual capacity because the defendant did not possess the authority to non-renew Ms. Comans's employment contract.

5. Defendant McCurdy cannot be held liable for retaliation, because this particular claim was made against the Scott County School District.

---

[2] Title 42 U.S.C. § 2000-e, Title VII of the Civil Rights Act of 1964, declares in pertinent part that it is an unlawful employment practice for any employer within its scope to discriminate against or deny opportunity to an employee "because of such individual's race, color, religion, sex, or national origin."

[3] Title 42 U.S.C. § 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

[4] The court has already concluded that plaintiff has not presented proof that defendant McCurdy could not be considered an "employer" in his individual capacity for purposes of Title VII.

6. Ms. Comans "is not entitled to maintain an action against both the corporation and its agent in an official capacity [in a Title VII action] because effectively, the corporation could be held liable twice for the same act."  *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999).  Plaintiff's claim against the school, thereby, precludes, the claim against Mr. McCurdy in his official capacity.

For the foregoing reasons, the court grants defendant McCurdy's motion to dismiss this complaint in both his individual and official capacity.

**SO ORDERED**, this the 12th day of March, 2008.

                                          **s/ HENRY T. WINGATE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-505 HTW-LRA
Order of Dismissal